In the Matter of the Claim of CLYDE VAN HOUTE, Respondent, against MARION LUMBER COMPANY, Employer, and STANDARD ACCIDENT INSURANCE COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the carrier from an award in favor of claimant. The appellant carrier asserts that the employer named herein was not the employer of claimant and further asserts that the accident was not covered by the insurance policy of the carrier. The employer was a lumber company dealing in building supplies and doing construction work. Arnold Marsden entered into an agreement with the employer herein, which is a copartnership, to remodel a house on Carroll street in Palmyra, in which Marsden was interested, by which the employer herein was to furnish the materials and the labor for the job. It was being supervised by Fred Crum, a foreman in the employ of the employer herein. Marsden also had a house on Hanson street, Palmyra, in which was a cistern which he wanted taken out. Claimant learned through a police officer that help was wanted on the job on Carroll street, went there and was hired by Crum and went to work as a carpenter. Claimant and other employees were directed by Crum to go to the Hanson street house and remove the cistern, and while thus engaged sustained the injuries involved in this award. The insurance policy covers operations not on the premises, includes excavations for cellars, and covers employees engaged in operations incidental to the business of the employer. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of PANSY B. DeBROCKE, Respondent, against CUSHMAN'S SONS, INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— The claimant was employed as manager of employer-appellant's store at 123 Fifth avenue, Pelham, N. Y. On the 22d day of June, 1934, she was overcome by gas escaping from an electric refrigerator. She was attended that night by a doctor who diagnosed her case as one of gas poisoning. Under point I appellant claims that it conclusively appears that the claimant's condition is not the result of an accidental injury. A question of fact is involved that there is ample, competent medical evidence to sustain the finding of the Industrial Board that there was causal relation between the accident and the disability. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of LUDWIG HOFFMAN, Respondent, against CUSHMAN'S SONS, INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer from award of disability compensation made by the State Industrial Board under the Workmen's Compensation Law. Claimant, a baker, slipped and struck his right groin against the corner of an iron bar, causing him severe pain. A few days later his employer's physician, while making an annual physicial examination of all of the employees, discovered that claimant had a hernia, which his verified report states was caused by the accident. Immediately after the discovery of the hernia claimant notified his employer. The appellant contends that there was no accident, no notice within the required time and that causal relation was not established. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.